

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JAMES DEAN VAN WYHE, | \* | CIV 07-4013 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER |
| TIM REISCH; DOUGLAS WEBER; JENNIFER WAGNER; H. VELD; and CBM FOOD SERVICE, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This action was brought by Plaintiff James Van Wyhe, an inmate at the South Dakota State Penitentiary ("SDSP"), seeking preliminary relief ordering the Defendants to provide him a kosher diet. Pursuant to an SDSP disciplinary policy, Plaintiff was not allowed to consume a kosher diet for 30 days because he was found to have consumed non-kosher food. Defendants Douglas Weber and Jennifer Wagner were directed to provide a status report to the Court in response to the allegations made by Plaintiff. After receiving the Defendants' Status Response, Doc. 8, and supporting affidavits, Docs. 9 and 10, showing that Plaintiff did not lose weight during the time he contended he did not eat, the Court ruled there was no basis for a temporary restraining order in this case and directed Plaintiff to file a response to Defendants' Status Response. Plaintiff filed a response, Doc. 14. He claims to have lost seven pounds between January 18, 2007 and January 24, 2007, during which time he states he ate no food. Beginning January 25, 2007, Plaintiff began eating again by secreting kosher foods that he traded with other inmates for the non-kosher food Plaintiff received on the SDSP's main food line.

On February 19, 2007, Defendant Wagner, the Cultural Activities Coordinator who is responsible for overseeing the provision of religious diets at the SDSP, filed a Second Affidavit, Doc. 15. She states she received Plaintiff's request to resume the kosher diet after the 30-day

suspension for a disciplinary violation and she has advised the SDSP's food service of this election. Plaintiff has not since informed the Court that he has been denied a kosher diet. Wagner also informed the Court that the SDSP's disciplinary policy was changed effective February 14, 2007. An inmate who violates any of the rules, policies, or procedures governing religious diets is still subject to disciplinary action, but removal from the diet is no longer a sanction.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that "'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.'" *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Having considered the above factors, the Court concludes there is no threat of irreparable injury to Plaintiff because Plaintiff is no longer prohibited from eating a kosher diet and the SDSP's disciplinary policy has been changed so that removal from a kosher diet is not a disciplinary sanction. Accordingly, Plaintiff's Motion for Protective Order and Expedited Ruling, Doc. 3, is denied.

Plaintiff filed two Motions for Appointment of Counsel, Docs. 20 and 32. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

2

This case is not factually complex. Plaintiff has demonstrated sufficient knowledge of the legal issues at this time regarding his rights to a religious diet to enable him to pursue his claims without the appointment of counsel. It appears there will be some conflicting testimony regarding whether Plaintiff lost weight due to the disciplinary sanction of being removed from the kosher diet, but Plaintiff has demonstrated an ability to procure documents and affidavits in support of his claims. Plaintiff has demonstrated he has the ability to investigate the facts and present evidence in support of his claims. Having considered all of the relevant factors, the Court will deny Plaintiff's requests for appointment of counsel at the present time.

Defendants filed a Motion for Summary Judgment, Doc. 33, and supporting affidavits on July 24, 2007. Plaintiff has not yet responded to that Motion. In light of the Motions for Appointment of Counsel that were pending at the time the Defendants' Motion was filed, the Court will allow Plaintiff additional time to respond to Defendants' Motion. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for Protective Order and Expedited Ruling, Doc. 3, is denied.

2. That Plaintiff's Motions for Appointment of Counsel, Docs. 20 and 32, are denied without prejudice.

3. That, on or before September 4, 2007, Plaintiff shall file and serve his response and any supporting materials to Defendants' Summary Judgment Motion, Doc. 33. Defendants reply brief shall be filed and served on or before September 18, 2007.

Dated this 10th day of August, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: /s/ Sharon Jury, Deputy
(SEAL)

3